# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
     v. )   I.D. No. 2305005408
)
RON A. FLOWERS, )
)
    Defendant. )

Submitted: April 21, 2025
Decided:  April 28, 2025

*Upon Defendant Ron A. Flowers Motion for Postconviction*
**SUMMARILY  DISMISSED.**

## **ORDER**

Corinne Cichowicz, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for the State of Delaware.

Ron A. Flowers, SBI# 611515, Howard R. Young Correctional Institution, 1301 E. 12th Street, Wilmington, DE 19809, *pro se.*

**WHARTON, J.**

The 28th day of April 2025, upon consideration of Defendant Ron A. Flowers' ("Flowers") Motion for Postconviction Relief,[1] and the record in this case, it appears to the Court that:

1.  Flowers was convicted at a bench trial of Possession of a Firearm by a Person Prohibited ("PFBPP"), and Possession of Ammunition by a Person Prohibited.[2] Prior to trial, his suppression motion was denied.[3] He was sentenced to 15 years at Level V, suspended after a minimum mandatory 10 years for decreasing levels of supervision on the PFBPP charge and a period of incarceration suspended for probation concurrent with the PFBPP charge on the ammunition count.[4] He appealed his convictions to the Delaware Supreme Court. At Flowers request, his court-appointed attorney was allowed to withdraw so that he could represent himself on appeal.[5] The Delaware Supreme Court then affirmed the judgment of this Court.[6]

2.  Flowers now moves for postconviction relief.[7] He raise two claims, both related to the search of his person. The first, captioned "Illegal Search," alleges "when I was detained the arresting officers lacked reasonable articulable suspicion to conduct

---

[1] D.I. 37.
[2] D.I. 27.
[3] D.I. 24.
[4] D.I. 29.
[5] *Flowers v. State,* 2025 WL 1090982 (Del. Apr. 4, 2025).
[6] *Id.*
[7] Def.'s Mot. for Postconviction Relief, D.I. 37.

a Terry – pat down."[8]  The second, also captioned "Illegal Search," alleges, "A Terry pat-down is a pat-down of the suspects outer clothing when detained the officers dug inside my pockets."[9]

3.      Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[10]  If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[11]  Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication.[12]  A motion exceeds time limitations if it is filed more than one year after the conviction becomes final, or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[13]  A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to

---

[8] *Id.*
[9] *Id.*
[10] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[11] *Id.*
[12] Super. Ct. Crim. R, 61(i).
[13] Super. Ct. Crim. R. 61(i)(1).

cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[14] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[15] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[16]

4. The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[17] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[18]

5. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[19] "Flowers' sole argument on appeal is that the Superior Court abused its discretion when it denied his motion to suppress because the officer's pat-down of Flowers was not supported by a reasonable, articulable

---

[14] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[15] Super. Ct. Crim. R. 61(i)(3).
[16] Super. Ct. Crim. R. 61(i)(4).
[17] Super. Ct. Crim. R. 61(i)(5).
[18] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[19] Super. Ct. Crim. R. 61(d)(5).

suspicion that Flowers was armed and dangerous."[20]  He also waived any arguments he made in the Superior Court by failing to raise them in his opening brief on appeal.[21]  Flowers' first claim in his PCR Motion is identical to the issue he raised unsuccessfully on appeal.  It is barred as formerly adjudicated unless he can overcome the bar by meeting the requirements of Rule 61(d)(2)(i) or (ii).  He does not make that attempt.  The second appears to be similar, if not identical, to the first, and is barred as formerly adjudicated as well.  To the extent it differs from the first, the claim is barred by Rule 61(i)(3) because it was not asserted in the previous proceedings and Flowers has failed to show cause for the default and actual prejudice.  Thus, it plainly appears from the PCR Motion and the record that Flowers is not entitled to relief.

**THEREFORE,** Defendant Ron A. Flowers' Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[20] *Flowers,* at *2.
[21] *Id.* at n. 3.

5